Debra **CHAMBERS–ENGLISH,**
Plaintiff–Appellant,

v.

**UNISYS CORPORATION,**
Defendant–Appellee.

No. 07–1068–cv.

United States Court of Appeals,
Second Circuit.

Nov. 12, 2008.

**62**

Stephen T. Mitchell, New York, NY, for Plaintiff–Appellant.

Joseph A. Saccomano, Jr., White Plains, N.Y. (Nicole Quick Saldana, on the brief), for Defendant–Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Debra Chambers–English, a former employee of Unisys Corporation ("Unisys"), sued alleging, *inter alia*, that Unisys discriminated against her based on her race in violation of 42 U.S.C. § 1981 and state and local law by failing to promote her to a position she was qualified for and instead hiring a less qualified Caucasian person for the position. The United States District Court for the Southern District of New York (Chin, *J.*) found that Chambers–English presented inadequate evidence of discrimination and entered judgment in favor of Unisys. This appeal followed. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

Robert Napolitano, a white male, had in the opinion of his manager been successfully performing the duties of the Service Delivery Project Manager 2 position for two years as an outside contractor and had gained the confidence of the client. Pursuant to a money-saving initiative to convert eligible contractors to permanent Unisys employees, and without altering Napolitano's employment functions or posting the Service Delivery Project Manager 2 position for applications, Unisys converted Napolitano from a contract employee to a permanent employee in that role.

Upon our review of the record, we conclude that Chambers–English failed to adduce sufficient evidence that Unisys's reasons for hiring Napolitano instead of Chambers–English as a permanent employee were pretextual. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The record falls far short of demonstrating that Chambers–English's qualifications were so superior to Napolitano's that "no reasonable person, in the exercise of impartial judgment," could have chosen Napolitano over her for the job in question. *Byrnie v. Town of Cromwell, Bd. of Educ.,* 243 F.3d 93, 103 (2d Cir.2001) (quotation marks omitted). Furthermore, Chambers–English has not offered evidence showing that the conversion of Napolitano from a contract worker to a permanent employee did not in fact save money for Unisys. *See Ferraro v. Kellwood Co.,* 440 F.3d 96, 100 (2d Cir.2006) (affirming summary judgment where plaintiff failed to produce evidence showing divisional consolidation and cost-saving goals were pretext for discrimination). It is noteworthy that Chambers–English herself had become a permanent Unisys employee only after being converted from a contractor.

We also agree with the district court that Chambers–English has not offered sufficient evidence to support an inference of discrimination. To the contrary, there is ample evidence on the record indicating that Unisys did not discriminate against Chambers–English based on her race.

## CONCLUSION

For the foregoing reasons, the judgment is AFFIRMED.